Mark B. Wilson - CA State Bar No. 137400
Eric A. Ybarra - CA State Bar No. 334673
KLEIN & WILSON LLP
4770 Von Karman Avenue
Newport Beach, California 92660
(949) 631-3300; Facsimile (949) 631-3703
wilson@kleinandwilson.com; eybarra@kleinandwilson.com

Attorneys for Plaintiffs REDONDO MANAGEMENT, LLC and
MARK J. KOETTING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REDONDO MANAGEMENT, LLC, a Delaware limited liability company; and MARK J. KOETTING, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> BRADLEY ARANT BOULT CUMMINGS LLP, an Alabama limited liability partnership; and SAM DAVID SMITH a.k.a. S. DAVID SMITH, an individual, <br><br> Defendants. <br><br> AND RELATED CROSS-ACTION. | **Case No. 3:24-cv-06104-TLT** <br> **Related Case No. 3:24-cv-06085-TLT** <br><br> **ASSIGNED FOR ALL PURPOSES TO: HONORABLE TRINA L. THOMPSON** <br><br> **DECLARATION OF DANIEL R. KOETTING IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE** <br><br> **Date:** **January 28, 2025** <br> **Time:** **2:00 p.m.** <br> **Crtrm.: 9** |

**DECLARATION OF DANIEL R. KOETTING**

1.      I am one of the plaintiffs in the related case, and the Manager of plaintiff Rockhill Consulting Group, LLC ("Rockhill"). I am not an attorney. This Declaration is submitted in support of plaintiffs Redondo Management LLC ("Redondo") and Mark J. Koetting's ("Mark") (collectively, "Plaintiffs") opposition to defendants Bradley Arant Boult Cummings LLP ("Bradley") and Sam David Smith a.k.a. S. David Smith ("Smith") (collectively, "Defendants") motion to dismiss (Docket No. 24).

/ / /

2.      Based upon my personal involvement in 2018 and 2019, I am familiar with the events alleged in the complaint herein and underlying Rockhill's and Redondo's retention of Defendants to represent us with respect to the underlying arbitration with Green Gate Services, LLC ("Green Gate") and Clear Loan Solutions, LLC ("Clear Loan") and subsequent legal proceedings in Humboldt County, California, entitled *Green Gate Services, LLC et al., v. Dan Koetting, et al.*, Humboldt County Superior Court, Case No. CV190030. I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could and would testify competently thereto. My brother, Mark Koetting and his company, Redondo are the plaintiffs in this case.

3.      I have resided in San Diego County, State of California, since 2008, and continue to do so today. Along with my business partner, Jairo Perez, I formed Rockhill in April 2013 as a Delaware limited liability company, and registered it to do business in California. The purpose of formation of Rockhill was to operate as Executive Director of a loan program then being established by the Big Lagoon Rancheria Tribe ("BLR"), a federally recognized Indian tribe with headquarters in Humboldt County, California. At all times since 2013 to present, my business offices and Rockhill's principal place of business have consistently been in San Diego, California.

4.      Through my brother Mark, I was introduced in 2013 to Virgil Moorehead ("Moorehead"), who was the leader of the BLR. I discussed with Moorehead the formation of a tribal lending entity ("TLE") through which BLR could establish a business based upon making small dollar consumer loans and establish a loan portfolio through which BLR could generate income. This resulted in the formation of Green Gate Services, LLC ("Green Gate"), an entity established for the purpose of making and managing small dollar consumer loans. Green Gate and Rockhill entered into a written Consultant and Independent Contractor Agreement dated as of August 30, 2013 (the "Consulting Agreement"). Rockhill was designated in that agreement as the Executive Director of the Green Gate loan program. Rockhill was represented in the negotiations for the Consulting Agreement by Jennifer Galloway, of Jennifer Galloway, P.A. (collectively, "Galloway"), an attorney then located in Florida. My brother Mark, through Redondo, had a virtually identical Consulting Agreement with Clear Loan Solutions LLC. Where appropriate, the Rockhill-Green Gate and Redondo-Clear Loan Solutions agreements are referred to collectively as the "Consulting Agreements."

1008685

5. The Green Gate loan program operated profitably for several years until 2017 when a dispute developed between Green Gate and Rockhill concerning the responsibilities of each party, with each side claiming the other had defaulted. A similar dispute arose at the same time between Redondo and Clear Loan Solutions. Rockhill received a Notice of Default letter from BLR from its offices in Humboldt County on January 8, 2018 which was addressed to Rockhill, Rivo Holdings, LLC ("Rivo") and me. Rivo is a company in which I have an interest that operated the call center for the Green Gate loan program. This notice from BLR terminated the Consulting Agreement and asserted that BLR considered not only Rockhill, but also Rivo and me to be parties to that agreement even though we were not signatories. Because of this Notice of Default letter, which I provided to Defendants, the Defendants knew that Rivo and I were going to be drawn into the dispute. Redondo also received a Notice of Default from BLR at the same time.

6. On or about February 14, 2018, BLR's TLEs, Green Gate and Clear Loan Solutions filed demands for arbitration against both Rockhill and Redondo with the American Arbitration Association ("AAA") which alleged a breach of contract and misrepresentation. A true and correct copy of Green Gate's Demand for Arbitration against Rockhill is attached hereto as Exhibit A. A true and correct copy of Clear Loan Solutions' Demand for Arbitration against Redondo is attached hereto as Exhibit B. Each of the two Demands for Arbitration specified a hearing locale in Sacramento, California, based upon the Dispute Resolution venue provision in the Consulting Agreements. Many of the witnesses in the underlying disputes, including Moorehead, Shawna Neyra, David Neyra, Than Thai ("Thai"), and I all resided in California.

7. Rockhill's Consulting Agreement with Green Gate, which I signed on behalf of Rockhill, provided for an optional arbitration of disputes, explicitly stating: "Arbitration shall take place in Sacramento, California." The Consulting Agreements further explicitly provided for enforcement of the arbitration award in the United States District Court for the Northern District of California, and if that court refuses to exercise jurisdiction, then in Humboldt County Superior Court. A redacted copy of the Green Gate Consulting Agreement with pages referencing the place of arbitration and the venue for enforcement is attached hereto collectively as Exhibit C. The document is redacted because the Consulting Agreement provides for confidentiality of terms.

1008685

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

8.      When BLR terminated the Consulting Agreements, in January 2018, Galloway strongly encouraged Mark and I to retain Bradley and S. David Smith, for the purpose of jointly representing Rockhill and Redondo in the disputes we each had with BLR, Green Gate and Clear Loan, for which we expected an arbitration in Sacramento, California. From my office in San Diego, I had communications with Defendant Smith regarding Bradley's retention. Substantially all my telephonic communications with Bradley were conducted from my San Diego office, and the many dozens of emails I received from Smith and Bradley were received by me in California. My brother Mark also participated in those calls. In our communications with Smith, it was anticipated from the outset that Bradley would be representing Rockhill in proceedings in California. We discussed the fact that Smith officed in Houston, Texas, and he assured both my brother Mark and me in joint conversation that he could represent us in California. I asked Smith to represent Rockhill in the dispute. I did not know at the time that Galloway was contemplating joining Bradley but a few months later she did so, working with Smith's team at Bradley on the joint representation of Rockhill, Redondo, Mark, and me.

9.      Smith sent a letter to me regarding the engagement of Bradley at my San Diego office which I received on January 10, 2018. A copy of the letter is attached as Exhibit 1 to the Rockhill Complaint (Rockhill Dock. No. 01-1). This engagement agreement provided for the scope of the representation to be "in connection with the Big Lagoon litigation matter and on an on-going basis." I do not recall whether I signed the letter and have been unable to locate a signed copy, but I am certain that if I did sign the engagement on behalf of Rockhill, it would have been from my offices in San Diego.

10.     Bradley and Smith began work on the engagement immediately. By January 10, 2018, Defendants were engaged in direct communications with Brendan V. Johnston, the Robins Kaplan LLP attorney who was representing BLR, Green Gate and Clear Loan Solutions. Smith copied me by email on that correspondence.

11.     All Bradley's invoices for Rockhill's share of the fees were addressed to Rockhill at its offices in San Diego, and that is where I received them and caused payments to be made. The Defendants said they would split the fees in billing to Rockhill and Redondo, and Rockhill and Redondo received separate invoices. Rockhill continued to receive invoices reflecting services performed from

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

1008685

January 2018 through October 2019. To the extent that these invoices were paid, payments to Bradley were made at my direction from California. True and correct copies of the following Bradley invoices for legal services addressed to Rockhill in San Diego are attached hereto as exhibits:

Exhibit G:    Bradley's invoice No. 1241535 for services in January 2018.

Exhibit H:    Bradley's invoice No. 1258958 for services in April 2018

Exhibit I:    Bradley's Invoice No. 1253427 for services in March 2018

Exhibit J:    Bradley's invoice No. 1289376 for services in September 2018

Exhibit K:    Bradley's invoice No. 1296492 for services in October 2018

Exhibit M:    Bradley's invoice No. 1322600 for services in February 2019

Exhibit O:    Bradley's invoice No. 1327392 for services in March 2019

Exhibit Q:    Bradley's invoice No. 1334785 for services in April 2019

Exhibit S:    Bradley's invoice No. 1348503 for services in June 2019

Exhibit T:    Bradley's invoice No. 1353450 for services in July 2019

Exhibit U:    Bradley's invoice No. 1370336 for services in September 2019.

12.    Bradley recommended to me and Mark that Rockhill and Redondo initiate arbitration in California. BLR, through Green Gate and Clear Loan, had also demanded arbitration as seen in Exhibit A and Exhibit B. On Smith's recommendation, in February 2018, Bradley and Galloway prepared a Demands for Arbitration submitted to the AAA offices in Fresno, California, requesting that the arbitration locale be in Sacramento, California. A true and correct copy of the first three pages of Rockhill's demand for arbitration against GGS is attached hereto as Exhibit D. Redondo's demand for arbitration against CLS is attached hereto as Exhibit N. The attachments are omitted here due to the confidential terms of the Consulting Agreements. The AAA opened two Arbitrations which were consolidated on the recommendation of Bradley, one being *Redondo Management, LLC, Claimant and counterclaim respondent v. Clear Loan Solutions, LLC, Respondent and counterclaim claimant v. Mark Koetting, Counterclaim respondent*, AAA Case No. 01-18-0000-7850 and the other being *Green Gate Services, LLC, Claimant and counterclaim respondent  v. Rockhill Consulting Group, LLC, Respondent and counterclaim claimant, Rivo Holdings, LLC, Respondent, Daniel Koetting, Respondent,* AAA Case No. 01-18-0000-1296 (collectively, the "Arbitration"). Bradley and Smith

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

represented Rockhill and Redondo in these, but also represented me individually and my company Rivo, and Mark Koetting as parties named in the Arbitration although Bradley never provided me with an engagement agreement for the representation of Rivo, Mark or me.

13.     Smith also recommended that Rockhill and Redondo mediate with Green Gate and Clear Loan Solutions. A mediator identified as Thomas F. Gede ("Gede"), an attorney with Morgan Lewis in San Francisco, California had previously been recommended by Galloway and Smith concurred with that recommendation. Smith informed Mark Koetting and me about the mediation by email on February 8, 2018, and that the tentative agreement to mediate provided for mediation to be held at Morgan Lewis offices in San Francisco. A true and correct copy of the email from Smith informing me of the mediation is attached hereto as Exhibit E.

14.     Smith sent the mediator in California a "Confidential Mediation Memorandum" on March 5, 2018, a copy of which was provided to me by email. This was for purposes of the mediation then scheduled for March 22, 2018 in San Francisco. Smith and Bradley also communicated extensively with the mediator, who was in California. The invoices from the mediator's San Francisco law firm, reflecting his services in California are attached hereto collectively as Exhibit F. For the mediation on March 22, Gede recorded 12 hours. In the aggregate, Gede billed over 53 hours between March 5 and May 7, 2018, many of them reflecting his communications with Smith.

15.     On March 21, 2018, Defendant Smith traveled to San Francisco for the mediation held on March 22, 2018. Galloway also attended the mediation, working together with Smith. Rockhill and Redondo were invoiced for a split of Smith's travel expenses. Smith remained in California until March 23, 2018, as did Galloway. Mark Koetting and I met with Smith in San Francisco on the evening of March 21, 2018 during which we discussed the case, strategy, and potential settlement. In our presence, Smith had discussions with Galloway about joining Bradley, which she later did. We attended an all-day mediation with Smith and Galloway together on March 22, 2018, with Bradley billing Rockhill for approximately one-half of the time, and the same to Redondo. We met that day with Galloway and Smith at approximately 8:30 a.m., and worked throughout the day on case strategy and potential settlement. The mediation lasted late into the evening, and we then had dinner together, again discussing case strategy, settlement, and results of mediation. I thought we had the case settled at the

Case No. 3:24-cv-06104-TLT

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

1008685

mediation, but was informed at the end that it could not be consummated as the decision-maker for Green Gate was not there to approve. All of this took place in San Francisco.

16.     As reflected in Exhibit I, Bradley billed Rockhill 6.9 hours related to Smith and his colleague preparing for mediation in San Francisco on March 21, 2018, including preparation of a settlement agreement, and an additional 5.7 hours by Smith and his colleague on March 22, the day of the mediation. I am informed and believe Bradley billed the same amount of time to Redondo, meaning that it would have been approximately 25.2 hours over those two days for Smith's and his colleague's work on mediation in San Francisco.

17.     As reflected in Exhibit H, Bradley billed Rockhill for Smith's travel expenses in San Francisco, including lodging, airfare, food, and local transportation. This invoice reflects Smith's travel to and from California on March 21-23, 2018. I am informed and believe that these expenses were evenly divided and separately billed by Bradley to Redondo.

18.     Smith states in his declaration in support of Defendants' motion to dismiss (Docket No. 28-2) at par. 4 that he has never practiced law in California. The statement is untrue. Smith was performing legal services for me, my brother Mark, Redondo, and Rockhill in California in March 2018 (Exhibit I) and again in September 2018 (Exhibit J). Bradley invoiced Rockhill for Smith's time in performing legal services in California. I believe that satisfies "practicing law" because he was giving me legal advice, negotiating for settlement and advising regarding litigation strategy.

19.     Rockhill did not hire Bradley for an arbitration in Denver, it hired Bradley to conduct arbitration or litigation in California. At the time of the March 2018 mediation, an arbitrator had not yet been selected. I was expecting the arbitration to be held in California and that was the purpose for which we hired Bradley. Smith recommended that we file for arbitration in Sacramento, California. I had no idea until about a month later that Bradley was negotiating with opposing counsel for an arbitrator in Denver, Colorado, and that is not what I expected at the time I hired Bradley or at the time of mediation. The first entry in Bradley invoices relating to Smith considering an arbitrator strike list is on March 30, 2018 in Exhibit I. A later invoice, Exhibit H, reflects that Smith was working on arbitrator selection in April 2018, after the mediation. Until Smith and the opposing counsel chose Denver attorney Gordon Netzorg as the arbitrator, I did not know that an arbitration outside of

7

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

1008685

California was being considered. When I asked Smith why he was choosing an arbitrator in Colorado, he said that having the arbitration in Denver was closer geographically to everyone. I did not specify that location, nor did I want it held there.

20.    Bradley gathered evidence from California for the arbitration. As the September 10, 2018 hearing date approached, Defendants frantically sought to gather documents from Rockhill and me which they had not previously requested. This evidence was gathered by my staff in California and sent to Defendants.

21.    Smith again traveled to California in September 2018 to work with me on the case. As reflected in Exhibit J, my meeting with Smith in which I was to be prepared for the arbitration took place on September 5, 2018 in San Diego, California. Smith billed Rockhill 9.2 hours that day. When Smith's 9.2 hours is added to the cumulative 25.2 hours over two days on the mediation, this totals approximately 34.4 hours for services performed in or on the way to California. His colleague Melissa Gutierrez also billed for remotely attending that September 5 meeting which took place in San Diego, which is not included in this total. Smith's travel costs for his travel to and from California on September 4 and 5, 2018, appear in Exhibit K.

22.    The arbitration was held September 10-12, 2018 in Denver, the location arranged by Bradley. As reflected in Exhibit J, Smith invoiced Rockhill 16.1 hours for his work over the three-day arbitration in Denver. I understand that the same amount of time was billed to Redondo, which means Smith's time alone for the 3-day arbitration totals a little more than 32 hours. Comparing that to the 34.4 hours for the California mediation, the amount of time that Smith spent in conducting arbitration in Denver was no greater than the time spent for the mediation and his meetings with me in California.

23.    I do not believe that Smith spent enough time or effort to prepare me or other witnesses for the arbitration. On that September 5, 2018 trip, Smith did not prepare one of Rivo's employees, Thai, who was to offer financial and accounting testimony. Bradley did not sufficiently prepare Thai to testify to these very important issues which bore on the alter ego theory that Green Gate was advancing to hold me personally liable for Rockhill's liability. To the extent that witness preparation by Bradley and Smith was inadequate, that omission occurred here in California.

1008685

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

24.    After the arbitration award was received, Bradley directed Rockhill and I to work with two other attorneys for post-arbitration proceedings and appeal, F. Wendell Allen ("Allen") and Jeffrey Anderson ("Anderson"), and they joined the team of attorneys from Bradley. Bradley filed a Motion for Modification of the Final Award with the arbitrator, relying upon a calculation of damages that Bradley had failed to present in the arbitration. This motion was supported by a report and damage calculations from a business expert, John T. Burke, a Certified Public Accountant, and former auditor with PricewaterhouseCoopers LLP, who at that time performed his services in Carlsbad, California. For their efforts to modify the arbitration award, the Defendants were relying upon an expert in California.

25.    Beginning in February 2019, Green Gate sought to confirm the arbitration award as a judgment against me individually, and Rockhill, and Mark and Redondo, in the Superior Court of California, in Humboldt County in the matter entitled *Green Gate Services, LLC and Clear Loan Solutions, LLC v. Dan Koetting, Mark Koetting, Rockhill Consulting Group, LLC and Redondo Management, LLC,* Humboldt County Superior Court, Case No. CV190030 (the "Humboldt County Action".)  Bradley informed me that Bradley could appear for us in that civil proceeding, but that we would have to engage local counsel. At Bradley's recommendation and through arrangements made by Bradley, on January 28, 2019, Rockhill and I engaged the services of Mitchell, Brisso, Delaney & Vrieze, LLP (the "Mitchell firm"), whose engagement was "to protect the rights and interests of Client as local counsel in association with and at the direction of F. Wendell Allen of Bradley, with respect to proceedings pending in the Humbolt County Superior Court, styled *Green Gate Services, LLC and Clear Loan Solutions, LLC, Petitioners v. Dan Koetting, Mark Koetting, Rockhill Consulting Group, LLC and Redondo Management, LLC Respondents*." A true and correct copy of this Attorney-Client Fee Agreement with the Mitchell firm is attached hereto as Exhibit L. The requirement that the activities of the Mitchell firm would be directed by Bradley appears in "SCOPE OF SERVICES" at p. 1 of Exhibit L.

26.    I am informed and believe that both Allen and Anderson of Bradley applied for admission pro hac vice to represent me, Rockhill, Koetting and Redondo in the Humboldt County Action. These pleadings are submitted as Exhibits 2, 3, 4 and 5 to Plaintiffs' accompanying Request

Case No. 3:24-cv-06104-TLT

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

1008685

for Judicial Notice ("RFJN") which I understand will be filed with this Declaration. Both Allen and Anderson billed Rockhill for time spent in preparing these requests for their admission to practice in California. Those time charges are seen on in entries dated February 19 and February 20, 2019, in Bradley invoice attached as Exhibit M. A copy of the Register of Actions in the Humboldt County Action is attached to Plaintiffs' RFJN as Exhibit 19. This Register of Actions reflects the Court approved the applications for Bradley lawyers Allen and Anderson on February 28, 2019.

27.    Bradley also researched and briefed matters of California law for pleadings to be filed in Humboldt County, as reflected in Exhibit M and Exhibit O. Bradley's work on the pleadings filed in California, while working closely with and directing local counsel, is also reflected in an email sent to me and Mark by Allen on February 6, 2019. A copy of that email with the 76 pages of pleadings they were drafting to be filed in California is attached hereto as Exhibit P.

28.    On April 2, 2019, Anderson billed time to Rockhill to review notices from the State Bar regarding pro hac vice admission. On April 7, 2019, Anderson, of Bradley, billed time to Rockhill for travel to California to make an appearance in the Humboldt County Superior Court on April 8, 2019 in connection with opposing the petition to confirm the arbitration award and enter judgment against Rockhill, Mark, Redondo and me. Bradley's legal services for these events are reflected in Exhibit Q. Anderson's airfare and hotel lodging in Eureka, California appear in the same invoice. Again, it is my understanding that these charges represent half of the time expended, and that the other half was billed to Redondo. As reflected in Exhibit Q, Bradley billed Rockhill 16.4 hours in April 2019 for his travel to and from California and the time spent in California. Assuming that the other half was billed to Redondo, the total of time billed by Bradley for attending the hearing in California was 32.8 hours.

29.    Following the April 8, 2019 hearing, Bradley's Anderson provided me by email with a written summary of the hearing he attended in California. Anderson's report indicates that he personally handled the argument on the motion to dismiss and our petition to vacate the arbitration award, while local counsel argued the motion to quash service on Mark. Anderson reported that the hearing also involved an analysis of California law, and he gave me an opinion concerning California law and described arguments on matters of both California and Delaware law. A copy of this email report, dated April 11, 2019, is attached hereto as Exhibit R. A copy of the transcript of this hearing is

10                                           Case No. 3:24-cv-06104-TLT

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

provided as Exhibit 13 to Plaintiff's RFJN.

30.    Bradley also worked on a Petition for Writ of Mandate, and appellate proceedings, as reflected in Bradley's invoice attached hereto as Exhibit S. Bradley lawyers worked on the appeal and what they described as a petition for review as reflected in Exhibit T.

31.    Defendant Smith states in his declaration in support of the motion to dismiss (Docket No. 24-2) at paragraph 14 that he is informed and believes Bradley withdrew from the Humboldt County Action in or about August 2019 and performed no legal services after that date. The statement is not true. Bradley continued to work on matters related to the Humboldt County Action beyond August 2019. Exhibit U, another Bradley invoice, shows work on the California litigation conducted by Bradley after the date that Smith asserts Bradley ceased work.

32.    On July 11, 2019, a judgment was entered against Mark, Redondo, Rockhill and me in the Humboldt County Action. A copy of the 2019 judgment is attached as Exhibit 14 to Plaintiffs' RFJN. Bradley was identified as my counsel, and as counsel for Rockhill, Mark and Redondo in the Notice of Appeal filed on September 6, 2019 in Humboldt County, for the appeal of the July 12, 2019 judgment to the California Court of Appeals. A copy of that Notice of Appeal as submitted as Exhibit 15 to the Plaintiff's RFJN. That judgment remains in place against Rockhill. A Notice of Lien was filed against me on or about October 11, 2019 by the judgment creditors in my family law proceedings in the matter entitled *Jennifer Jeane Koetting v. Daniel Rayment Koetting*, San Diego County Superior Court, Case No. 19FL008129C. A copy of this Notice of Lien is attached as Exhibit 18 to the Plaintiff's RFJN. To forestall collection of judgment while the initial appeal was pending, I had to obtain a very costly bond in California to stay enforcement against me during an initial appeal. The cost of obtaining the bond alone was over $294,000 with the borrowing costs for a loan to collateralize the bond eventually exceeding $2 million.

33.    Mark and I were successful in the initial appeal reversing the July 11, 2019 judgment against us individually and remanding the case to the Superior Court. Following remand, the judgment creditors moved to amend the judgment to add me and Mark personally as judgment debtors, and sought an attachment against me to seize the cash collateral I had posted for the appeal bond. At the time this was filed, Bradley was still my counsel of record in the Humbolt County Action. While this motion to

11                                           Case No. 3:24-cv-06104-TLT

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

4931-9153-9968, v. 1

add Mark and me as judgment debtors was initially denied, that ruling again went up on appeal and was reversed by the Court of Appeal in February 2023. The case was then remanded to Humboldt County Superior Court for further proceedings in which the Superior Court eventually granted the motion to add Mark and I as individual judgment debtors.

34.    I signed a substitution of attorney on February 25, 2021, substituting Bradley out and authorizing Gregory J. Aldisert to represent me as my counsel of record in the Humboldt County Action. A true and correct copy of the substitution of attorney that I signed is attached hereto as Exhibit V. The substitution of attorney shows that Allen signed it on February 26, 2021.

35.    Now, after further proceedings initiated by GGS and CLS to amend the judgment, the Superior Court has just recently, on November 18, 2024, entered judgment against me personally in an amount exceeding $17 million, and an additional amount in excess of $4.9 million against Mark. A copy of this Amended Judgment is attached to Plaintiffs' RFJN as Exhibit 16. The impact of these adverse judgments against me, the mitigation fees, judgment debtor's examination against Rockhill, the lien in my divorce case, the necessity to post bond, and other damages including the inevitable enforcement of judgment and its effect on my assets and creditworthiness are felt by me personally and by Rockhill in San Diego County, California. I have incurred approximately $1.5 million or more in legal fees with California attorneys in my efforts to mitigate the damages caused by Defendants' failure to properly handle the arbitration and the Humboldt County Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at San Diego, California on November 25, 2024.

Daniel R. Koetting

12                                    Case No. 3:24-cv-06104-TLT

**DECL OF D. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

1008685

4931-9153-9968, v. 1