Mark B. Wilson - CA State Bar No. 137400
Eric A. Ybarra - CA State Bar No. 334673
KLEIN & WILSON LLP
4770 Von Karman Avenue
Newport Beach, California 92660
(949) 631-3300; Facsimile (949) 631-3703
wilson@kleinandwilson.com; eybarra@kleinandwilson.com

Attorneys for Plaintiffs REDONDO MANAGEMENT, LLC and
MARK J. KOETTING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REDONDO MANAGEMENT, LLC, a Delaware limited liability company; and MARK J. KOETTING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BRADLEY ARANT BOULT CUMMINGS LLP, an Alabama limited liability partnership; and SAM DAVID SMITH a.k.a. S. DAVID SMITH, an individual,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | **Case No. 3:24-cv-06104-TLT**<br>**Related Case No. 3:24-cv-06085-TLT**<br><br>**ASSIGNED FOR ALL PURPOSES TO: HONORABLE TRINA L. THOMPSON**<br><br>**DECLARATION OF MARK J. KOETTING IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**<br><br>**Date:    January 28, 2025**<br>**Time:    2:00 p.m.**<br>**Crtrm.:  9** |

I, Mark J. Koetting, declare as follows:

**COMPETENCY**

1.    I am an individual and a plaintiff in the above-entitled action. I am, and for all relevant times have, been a resident of Kansas.

2.    I am the sole manager of Redondo Management, LLC ("Redondo") and have held that position since Redondo was formed in 2012.

///

1                                                    Case No. 3:24-cv-06104-TLT

1004606

3. I will sometimes refer to myself and Redondo collectively as "Plaintiffs" in this declaration.

4. I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently do so under oath.

## THE OTHER PARTIES

5. My brother, Daniel Koetting ("Daniel") and his company, Rockhill Consulting Group, LLC ("Rockhill" and with Dan, the "Rockhill Parties") are the plaintiffs in the related case, *Rockhill Consulting Group, LLC, et al. v. Bradley Arant Boult Cummings LLP, et al.*, N.D. Cal., Case No. 3:24-cv-06085-TLT (the "Rockhill Action").

6. Bradley Arant Boult Cummings LLP ("Bradley Arant") and S. David Smith ("Smith") (collectively, "Defendants") are Plaintiffs' former counsel in the litigation discussed below.

## FACTS LEADING TO UNDERLYING LITIGATION

7. I formed Redondo in 2012 as a Delaware limited liability company. Its principal place of business is in Overland Park, Kansas.

8. I formed Redondo to, among other things, operate as Executive Director of a loan program then being established by the Big Lagoon Rancheria ("BLR"), a federally recognized Indian tribe with headquarters in the City of Arcata, Humboldt County, California.

9. Virgil Moorehead ("Moorehead") was the leader of the BLR.

10. Moorehead told me that BLR had a lending practice that he wanted to expand.

11. Moorhead wanted me and my brother Dan to service that business.

12. Moorhead said he would form a tribal lending entity ("TLE") though which BLR could make small dollar consumer loans that would generate money for BLR to support its economic development.

13. Moorhead formed Clear Loan Solutions, LLC ("CLS"), a California based entity to make and manage small dollar consumer loans.

14. On December 27, 2012, Redondo entered into a Consulting Agreement with CLS, a TLE, organized under the laws of the federally-recognized Native American tribe called BLR.

/ / /

1004606

15.     CLS is based in Humboldt County, California. I know this because CLS produced its Amended and Restated Articles of Organization stamped BigLagoon0044716-BigLagoon 0044719, a copy of which is attached as Exhibit 1.

16.     BLR is also based in Humboldt County, California. I know this because BLR said that is where it was based, and I visited BLR at its headquarters in Humboldt County.

17.     The first page, the signature page, and paragraph J(f) of the Consulting Agreement is attached as Exhibit 2. I did not attach all the other pages of the Consulting Agreement and redacted some of the pages that I did include because it provides for confidentiality of terms.

18.     Paragraph J(f) of the Consulting Agreement provides for jurisdiction in the U.S. District Court for the Northern District of California in San Francisco or the Humboldt County Superior Court for most disputes.

19.     On August 30, 2013, CLS and Redondo entered into an Amended and Restated Consultant and Independent Contractor Agreement (the "Amended Agreement"). The first page, the signature page, and paragraph 8 of the Amended Agreement is attached as Exhibit 3. I did not attach all the other pages of the Amended Agreement and redacted some of the pages that I did include because it provides for confidentiality of terms.

20.     Paragraph 8 of the Amended Agreement provides for dispute resolution in Humboldt County, California by binding arbitration with the American Arbitration Association ("AAA") subject to enforcement in the United States District Court for the Northern District of California or Humboldt County Superior Court. That same paragraph mandates that arbitration take place in Sacramento, California.

21.     Around June 2013, Redondo began receiving legal advice from Jennifer Galloway, a Florida attorney ("Galloway"). Galloway guided me through negotiations of the Amended Agreement.

22.     In 2017, the relationship between CLS and Redondo became contentious and ultimately terminated on January 8, 2018 when CLS issued Redondo a termination letter.

**PLAINTIFFS' RETAINED DEFENDANTS TO HANDLE A CALIFORNIA ARBITRATION**

23.     Upon the termination of the Amended Agreement, Galloway advised Plaintiffs to retain Bradley Arant and Smith of Bradley Arant specifically.

24. On January 10, 2018, Plaintiffs and Bradley Arant entered into an attorney-client engagement agreement, a copy of which is attached hereto as Exhibit 4.

25. In my communications with Bradley Arant, we discussed that Bradley Arant would represent Plaintiffs in proceedings in California. We discussed the fact that Smith officed in Houston, Texas, and he assured me and Daniel in joint conversations that he could and would represent us in California.

26. Galloway served as Plaintiffs' co-counsel until the representation was consolidated when Galloway joined Bradley Arant as a partner around April or May 2018.

27. Plaintiffs hired Defendants to initiate an action against CLS in California.

**DEFENDANTS INITIATED A CALIFORNIA ARBITRATION ON PLAINTIFFS' BEHALF**

28. Bradley Arant recommended to Plaintiffs and Dan that we initiate arbitration in California.

29. On February 14, 2018, Defendants filed an arbitration demand with the AAA on Plaintiffs behalf, a redacted copy of which is attached as Exhibit 5, against CLS (the "Underlying Litigation"). It is redacted for the reasons stated in paragraph 19.

30. Defendants cited the provision in the Amended Agreement providing for arbitration in Sacramento, California. Exhibit 5, pars. 4-5; *see also* Exhibit 3, par. 8(a)(ii).

31. On June 1, 2018, CLS filed an amended counter-demand for arbitration, a redacted copy of which is attached as Exhibit 6.

32. CLS admitted that Big Lagoon is based in Arcata, California. Exhibit 6, par. 1.

33. CLS cited the provision in the Amended Agreement providing for arbitration in Sacramento, California. Exhibit 6, par. 11.

34. Defendants jointly represented Plaintiffs, Dan, and Rockhill in all the litigation before the AAA.

/ / /

/ / /

/ / /

/ / /

**DECL OF M. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

**DEFENDANTS ATTENDED MEDIATION IN CALIFORNIA**

35.     Defendants began preparing for a California mediation in the Underlying Litigation on March 1, 2018. Smith engaged with the mediator on several occasions, over a period of two months. *See* Bradley Arant invoices to me dated February 20, 2018, March 31, 2018, April 30, 2018, copies of which are attached as Exhibit 7.

36.     On March 2, 2018, Smith sent me and Daniel a draft mediation statement that he prepared for the mediation in California. *See* Exhibit 8.

37.     Smith traveled to California on March 21, 2018 and met with me and Dan in San Francisco to prepare for the mediation. *See* Bradley Arant invoice to me dated June 21, 2018, a copy of which is attached as Exhibit 9.

38.     On March 22, 2018, Defendants attended a full-day mediation with me and Dan in California to resolve the Underlying Litigation.

39.     The California mediation lasted late into the evening, and we then had dinner together, again discussing case strategy, settlement, and results of mediation. I thought we had the case settled at the mediation. Afterward, I learned the settlement could not be consummated because the CLS decision-maker was not at the mediation to approve it. All of this took place in San Francisco.

40.     Defendants failed to ensure that representatives from BLR and/or CLS with settlement authority were present at the mediation.

41.     Defendants' failure to properly handle the mediation was a critical mistake that set the stage for a disastrous result.

42.     Smith stated in his declaration in support of the motion to dismiss (Docket No. 28-2) at par. 4 that he has never practiced law in California. The statement is untrue. He performed legal services for me , Redondo, Rockhill, and Daniel in California in at least March and September 2018.

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. 3:24-cv-06104-TLT

**DECL OF M. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

1004606

**DEFENDANTS ENGAGED LOCAL CALIFORNIA COUNSEL FOR PLAINTIFFS AND DIRECTED THE ACTIVITIES OF LOCAL CALIFORNIA COUNSEL**

43.    After the arbitrator issued an adverse award, on January 10, 2019 CLS filed a Petition to Confirm the Arbitration Award in the Humboldt County Superior Court in a case entitled Green Gate Services, LLC et al., v. Dan Koetting, et al., Humboldt County Superior Court, Case No. CV190030 (the "State Court Action"). *See* the accompanying Request for Judicial Notice ("RFJN"), Exhibit 1.

44.    Defendants arranged for Plaintiffs to hire local counsel in California, Nancy Delaney ("Delaney"), of Mitchell, Brisso, Delaney & Vrieze, LLP. Defendants selected Delany and provided Plaintiffs with a fee agreement to sign.

45.    Plaintiffs' fee agreement with Delaney is attached as Exhibit 10 and states:

> Client hires Attorney to provide legal services in the following matter:  To protect the rights and interests of Client as local counsel in association with and *at the direction of F. Wendell Allen of Bradley*, with respect to proceedings pending in the Humboldt County Superior Court styled *Green Gate Services, LLC and Clear Loan Solutions, LLC, Petitioners v. Dan Koetting, Mark Koetting, Rockhill Consulting Group, LLC, and Redondo Management, LLC, Respondents*.

(emphasis added)

46.    The requirement that Bradley Arant would direct Delaney's activities in "SCOPE OF SERVICES" is at p. 1 of Exhibit 10.

47.    Bradley Arant began invoicing Plaintiffs for their work regarding the State Court Action on January 16, 2019. *See* Exhibit 11.

48.    Bradley Arant's invoices from January 2019 to January 2020, showing their time entries for working on the State Court Action, are collectively attached as Exhibit 12. The subject entries are highlighted in yellow.

49.    There are 182 time entries, totaling 124.55 hours of time that Bradley Arant billed Plaintiffs for working on the State Court Action. This represents only half the time Bradley Arant billed for working on the State Court Action, because I and my brother agreed that billing would be split between the Redondo and Rockhill clients.

1004606

50.    Five different Bradley Arant timekeepers billed time on the State Court action from January 16, 2019 to January 2020.

51.    Attached as Exhibit 13 is a February 6, 2019 email that is a good example of the work Bradley Arant performed in the State Court Action, even before BABC's attorneys were admitted *pro hac vice*.

52.    As the Court can see, Bradley Arant drafted the post arbitration pleadings that ultimately resulted in the adverse judgment in the Humboldt County Superior Court.

53.    On February 20, 2019, Delaney filed an application for Bradley Arant attorney Wendell Allen ("Allen") to appear *pro hac vice* in the State Court Action. *See* RFJN, Exhibit 4.

54.    On February 20, 2019, Delaney filed an application for Bradley Arant attorney Jeffrey Anderson ("Anderson") to appear *pro hac vice* in the State Court Action. *See* RFJN, Exhibit 2.

55.    On March 4, 2020, Bradley Arant filed a notice of entry in the State Court Action of the order granting Allen's application to appear *pro hac vice*. *See* RFJN, Exhibit 5.

56.    On March 4, 2020, Bradley Arant filed a notice of entry in the State Court Action of the order granting Anderson's application to appear *pro hac vice*. *See* RFJN, Exhibit 3.

57.    From March 4, 2020 to July 11, 2020, Bradley Arant filed at least eight pleadings in the State Court Action, including a supplemental cross-petition to vacate arbitration award, notices of entry of order to admit pro hac vice, motion to seal, ex parte application to file document sunder seal, and a notice of appeal. *See* RFJN, Exhibits 6-12, 15. However, a review of Bradley Arant's invoices from January 2019- January 2020, show Bradley wrote and/or performed services on several other filings in the state court action, but did not appear on the caption.

58.    On April 7, 2019, Bradley Arant billed Plaintiffs 6.5 hours for Anderson to travel to California for a hearing on Plaintiffs' petition to vacate the arbitration award. *See* Exhibit 14.

59.    On April 8, 2019, Bradley Arant billed Plaintiffs 2.3 hours for Anderson to prepare and attend a hearing on Plaintiffs' petition to vacate the arbitration award, in California Superior Court. *See* Exhibit 14.

/ / /

/ / /

**DECL OF M. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

60. Following the April 8, 2019 hearing, Anderson sent me an April 11, 2019 email attached as Exhibit 15, summarizing the hearing he attended in California. Anderson's report indicates that he personally handled the argument on the motion to dismiss and our petition to vacate the arbitration award, while local counsel argued the motion to quash service on me.

61. Anderson reported that the hearing involved an analysis of California law, and he gave me an opinion concerning California law and indicated arguments on matters of both California and Delaware law.

62. A copy of the transcript of this hearing is attached as Exhibit 13 to the RFJN.

63. The California state court rejected all Bradley Arant's efforts in the State Court Action to overturn the adverse arbitration award.

64. On July 11, 2019, the state court signed the judgment against Plaintiffs for $3,353,265.50. *See* RFJN, Exhibit 14.

65. Bradley Arant and I signed a substitution of attorney on March 16, 2021 substituting Bradley Arant out of the State Court Litigation. *See* RFJN, Exhibit 17.

**THE CALIFORNIA ADVERSE JUDGMENT AND POST-LITIGATION IN CALIFORNIA AROSE FROM DEFENDANTS' REPRESENTATION OF PLAINTIFFS**

66. For all the reasons explained in the complaint, paragraphs 61-62, Defendants fell below the standard of care.

67. Defendants' mistakes resulted in the California judgment attached as Exhibit 16 to the RFJN.

68. After the California state court entered judgment against Plaintiffs on July 11, 2019, Plaintiffs engaged in the following California state litigation: two appeals, a petition to the California Supreme Court, a motion to amend the judgment, among others. *See* RFJN, Exhibit 15. I have incurred tens of thousands of dollars in legal fees in connection with the post-judgment litigation in California.

/ / /

/ / /

/ / /

/ / /

69.    All that litigation arose from Defendants' conduct, including their litigation in the State Court Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at _____Overland Park___ , Kansas.

Dated:   November   25th , 2024

_____
Mark J. Koetting

Case No. 3:24-cv-06104-TLT

**DECL OF M. KOETTING IN SUPP OF PLTS' OPPO TO DEFS' MTN TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

1004606