**EXHIBIT 10**

ATTORNEY-CLIENT FEE AGREEMENT

**MITCHELL, BRISSO, DELANEY & VRIEZE, LLP** ("Attorney") and **MARK KOETTING** and **REDONDO MANAGEMENT, LLC** (collectively referred to as "Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

1. CONDITIONS. This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

2. SCOPE OF SERVICES. Client hires Attorney to provide legal services in the following matter:  To protect the rights and interests of Client as local counsel in association with and at the direction of F. Wendell Allen of Bradley, with respect to proceedings pending in the Humboldt County Superior Court styled *Green Gate Services, LLC and Clear Loan Solutions, LLC, Petitioners v. Dan Koetting, Mark Koetting, Rockhill Consulting Group, LLC, and Redondo Management, LLC, Respondents*.  Attorney will provide like services to **DAN KOETTING** and **ROCKHILL CONSULTING GROUP, LLC,** and billings discussed below will be sent for payment one-half (1/2) by Client and one-half (1/2) by **DAN KOETTING** and **ROCKHILL CONSULTING GROUP, LLC.**

3. CLIENT'S DUTIES. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time and to keep Attorney advised of Client's address, telephone number and whereabouts. Client will assist Attorney in providing necessary information and documents and will appear when necessary at legal proceedings.

4. DEPOSIT. Client shall pay Attorney a fee of Five Thousand Dollars ($5,000.00) in advance of performing legal services under this Agreement, which shall be deposited in the Attorney's Attorney-Client Trust Account.  The fee paid in advance is compensation for the legal services to be performed by Attorney, and the Attorney is authorized to charge firm fees against this advance payment in the event Client fails to timely pay Client's monthly bill for services rendered.  Notwithstanding the foregoing, Client will keep current on his/her monthly charges for all fees and costs incurred.  If the initial advance payment is exhausted, Attorney reserves the right to demand further deposits, each up to a maximum of Five Thousand Dollars ($5,000.00).  At the conclusion of Client's case, if Client is current on all payments for fees and costs incurred during the course of the representation, any remainder amounts still on deposit for the benefit of the Client will be returned.

5. LEGAL FEES AND BILLING PRACTICES. Client agrees to pay by the hour at Attorney's prevailing rates for all time spent on Client's matter by Attorney's legal personnel. Current hourly rates for legal personnel are as follows:

**EXHIBIT 10-1**

Partners       $300/hour

Associates   $250/hour

Paralegals   $150/hour

The rates on this schedule are subject to change on 30 days written notice to client. If Client declines to pay any increased rates, Attorney will have the right to withdraw as Attorney for Client.  Rates will not be increased for at least one year after the date of this agreement

The time charged will include the time Attorney spends on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel or court personnel. The legal personnel assigned to Client's matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town.

Time is charged in minimum units of one tenth (.1) of an hour.

6. COSTS AND OTHER CHARGES.

(a) Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in addition to the hourly fees. The costs and expenses commonly include, service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items. Except for the items listed below, all costs and expenses will be charged at Attorney's cost.

Mileage          At IRS rate as of
                 date incurred

(b) Out of town travel. Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney's personnel. Client will also be charged the hourly rates for the time legal personnel spend traveling.

(c) Experts, Consultants and Investigators. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Client agrees to pay such fees and charges. In consultation with Client,

**EXHIBIT 10-2**

Attorney will select any expert witnesses, consultants or investigators to be hired, and Client will be informed of persons chosen and their charges.

Additionally, Client understands that if the matter proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client.

7. BILLING STATEMENTS. Attorney will send Client periodic statements for fees and costs incurred. Each statement will be payable within 30 days of its mailing date. Client may request a statement at intervals of no less than 30 days. If Client so requests, Attorney will provide one within 10 days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

8. DISCHARGE AND WITHDRAWAL. Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. When Attorney's services conclude, all unpaid charges will immediately become due and payable. After services conclude, Attorney will, upon Client's request, deliver Client's file and property in Attorney's possession, whether or not Client has paid for all services.

9. DISCLAIMER OF GUARANTEE AND ESTIMATES. Nothing is this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

10. ENTIRE AGREEMENT AND MODIFICATION BY SUBSEQUENT AGREEMENT. This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding of the parties. This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

11. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY. If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

12. EFFECTIVE DATE AND EXECUTION. This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client. This Agreement may be executed in counterparts, the parts of which shall be taken to

**EXHIBIT 10-3**

constitute one whole.  Electronic scan signatures and/or facsimile signatures shall be deemed to constitute originals.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

DATED: ____Jan____, 2019   _____
MARK KOETTING

REDONDO MANAGEMENT, LLC

By: _____

DATED: _____, 2019   MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

By: _____
Nancy K. Delaney

**EXHIBIT 10-4**